FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 3 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DAVID FARMER     PLAINTIFF

v.     Case No. 2:15-cv-110-KGB

    JURY TRIAL DEMANDED

LINDA GANDY and
THE TRANSPORTATION FIRM, LLC     DEFENDANTS

### COMPLAINT FOR DAMAGES

Comes now the Plaintiff, David Farmer, by and through his attorneys, EASLEY & HOUSEAL, PLLC, and for his Complaint for Damages against the Defendants, Linda Gandy, and The Transportation Firm, LLC, states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, David Farmer, is an adult resident of the State of Tennessee.

2. Defendant, Linda Gandy, is an adult resident of the State of Mississippi, and is believed to reside at 602 Valley Street Macon, Mississippi.

3. Defendant The Transportation Firm, LLC is a trucking corporation with its principal place of business in the State of Mississippi. The Transportation Firm regularly employs drivers such as Linda Gandy to transport materials and goods in different states including the State of Arkansas. The Transportation

This case assigned to District Judge Baker
and to Magistrate Judge Deere

Firm, LLC may be served through its registered agents for service Barry W. Bridgforth, Jr., 5293 Getwell Road, P.O. Box 241 Southhaven, MS 38672.

4. At the time of the accident complained, Defendant Linda Gandy was an employee of The Transportation Firm, LLC, and was acting within the scope of her employment. Accordingly, The Transportation Firm, LLC is responsible for the actions and inactions of Gandy under the doctrine of *respondeat superior*.

5. This cause of action concerns a motor vehicle accident which occurred in Crittenden County, Arkansas.

6. The parties have diversity of citizenship and the amount in controversy exceeds $75,000.00. In addition, a substantial part of the events giving rise to this lawsuit occurred in Crittenden County, Arkansas which is located within the Eastern District of Arkansas.

7. This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. 1332 and 1391, respectfully.

**FACTS**

8. On Tuesday, April 8, 2014, at approximately 5:00 PM, Plaintiff was driving East bound on the I 40 east service road and had stopped at the intersection of Martin Luther King Drive. The Plaintiff was waiting to make a left turn onto Martin Luther King Drive when Defendant made an illegal left turn striking the passenger's side of the Plaintiff's vehicle and causing part of the

Defendant's vehicle to come on top of part of Plaintiff's vehicle. The Defendant then drove off of the Plaintiff's vehicle causing further damage.

9. After making the illegal left turn and striking the Plaintiff's vehicle, Defendant Gandy left the scene of the accident in violation of Arkansas law. The Plaintiff was able to follow the Defendant in an attempt to obtain information to identify the vehicle and driver. Defendant Gandy refused to stop and took dangerous maneuvers to avoid the Plaintiff.

10. As a direct and proximate result of the aforementioned collision, the Plaintiff received injuries as described below.

## CAUSES OF ACTION

11. Defendant Gandy was guilty of the following acts of negligence, each one of which was a direct and proximate cause of the injuries received by the Plaintiff:

(a) Failing to maintain a proper lookout;
(b) Failing to maintain proper control of her vehicle;
(c) Failing to act as a reasonable and prudent person under the circumstances existing;
(d) Failing to honor a vehicle having the superior right of way;
(e) Making an illegal left turn; and
(f) Leaving the scene of a personal injury accident

12. Defendant Gandy is guilty of violating the following statutes of the state of Arkansas which were in full force and effect at the time of the accident, each one of which was passed to protect a class of persons including the Plaintiff, said violations constituting evidence of negligence:

(a) Arkansas Code § 27-51-401            (improper left turn); and

    (b)    Arkansas Code § 27-53-101 and 103    (leaving the scene of a personal injury accident).

Each one of the negligent acts committed by Gandy were the proximate cause and cause in fact of the injuries and damages sustained by the Plaintiff. Moreover, Defendant Gandy was acting within the course and scope of her employment with the Defendant The Transportation Firm, LLC at all times relevant hereto. Therefore, Linda Gandy and The Transportation Firm, LLC are liable for the damages set out below.

## DAMAGES

13. As a direct and approximate result of each act of negligence and violations of Arkansas statute referenced above, the Plaintiff suffered damages as set forth below:

    (a)    Physical pain and suffering, both past, present and future;
    (b)    Emotional pain and suffering, both past, present and future;
    (c)    Medical expense, both past and future;
    (d)    Lost earnings; and
    (e)    All other damages available to him under the law.

## PUNITIVE DAMAGES

14. After colliding with the Plaintiff's vehicle, the Defendant fled the personal injury accident. The Plaintiff observed what the Defendant was attempting to do and followed the 18 wheeler in order to identify information that may show who owned or was driving the truck. The Defendant observed the Plaintiff attempting to pull alongside her and took dangerous and reckless maneuvers in order to prevent him from pulling up alongside the cab. The Defendant's actions almost caused an additional collision and were such that the nature of the conduct would naturally and probably result in injury or damage and that the Defendant continued such conduct in the reckless disregard of the

consequences from which malice may be inferred. Therefore, punitive damages should be awarded to the Plaintiff against the Defendants in addition to compensatory damages for the loss sustained by the Plaintiff.

15. **Plaintiff demands a trial by jury.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against the Defendants, Linda Gandy, and The Transportation Firm, LLC, in an amount in excess of required for diversity jurisdiction to be determined by a jury, **for a jury trial**, and for all other fit and proper relief to which the Plaintiff may be entitled.

Respectfully submitted,

EASLEY & HOUSEAL, PLLC
Attorneys for Plaintiff

By: _____
John Houseal
Arkansas Bar No. 2003207
Post Office Box 1115
Forrest City, AR 72336-1115
P: (870) 633-1447
F: (870) 633-1687
john@ehtriallawyers.com